IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CYNTHIA HEDDEN,<br><br>                    Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE, Commission of Social Security,<br><br>                    Defendant. | )<br>)<br>) Case No. CV07-214-C-EJL<br>)<br>) ORDER<br>)<br>)<br>)<br>)<br>)<br>) |

On August 7, 2008, Chief United States Magistrate Larry M. Boyle issued his Report and Recommendation in this matter. Pursuant to 28 U.S.C. § 636(b)(1), the parties had ten days in which to file written objections to the Report and Recommendation. Respondent filed an objection on August 14, 2008. A response to the objection was filed by Petitioner on August 25, 2008. No other objections were timely filed by Petitioner.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Moreover, this Court "shall make a de novo determination of those portions of the report which objection is made." Id. In United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003), the court interpreted the requirements of 28 U.S.C. 636(b)(10(C):

> The statute [28 U.S.C. § 636(b)(1)(C)] makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise. As the Peretz Court instructed, "to the extent de novo review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties." Peretz, 501 U.S. at 939, 111 S.Ct. 2661 (internal citation omitted). Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct. See Ciapponi, 77 F.3d at 1251 ("Absent an objection or request for review by the defendant, the district court was not required to engage in any more formal review of the plea proceeding."); see also Peretz, 501 U.S. at 937-39, 111 S.Ct. 2661 (clarifying that de novo review not required for Article III purposes unless requested by the parties) . . . .

See also Wang v. Masaitis, 416 F.3d 993 (9th Cir. 2005). In this case, the only objection the Court needs to conduct a de novo determination on is Respondent's objection to the

ORDER - Page 1
08ORDERS\hedden_rnr.WPD

Magistrate Judge's recommendation of sanctions against the Respondent in the amount of $163.67.

In the Report and Recommendation, Judge Boyle recommends finding the Commissioner's determination that Petitioner has not established "changed circumstances" indicating great disability since the time of the prior decision being upheld and therefore, denying Petitioner's Motion for Summary Judgment. This portion of the Report and Recommendation has not been objected to by Plaintiff and the Court will not conduct a de novo determination on the motion for summary judgment.

As to the motion for sanctions for untimely filing the respondent's brief (Docket No. 17), the Court has conducted a de novo review of the record and finds the Magistrate Judge's recommendation is supported by the law and the record in this matter. It is undisputed that Respondent's original responsive memorandum did not address the legal issues raised by this Petitioner, but contained arguments relating to another court case involving the Respondent. This error, while unintended by Respondent and corrected via the motion to amend after the Petitioner had filed her reply memorandum, did result in the Petitioner's counsel expending time researching issues and responding to the erroneously filed Respondent brief. While it is true Judge Boyle recommends granting the motion to amend the original Respondent memorandum, this does not eliminate the need of Petitioner's counsel to have expended some time researching and responding to the incorrectly filed Respondent brief. The error was due to Respondent's actions, not the Petitioner's. While the Court agrees it should grant the motion to amend, that does not eliminate the actual harm to Petitioner in responding to the erroneously filed document and the Court finds some attorneys fees should be awarded to Petitioner related to Respondent's filing error (which delayed the filing of the proper response until after the original filing deadline and after Petitioner had filed her reply brief).

ORDER - Page 2
08ORDERS\hedden_rnr.WPD

Accordingly, while granting the motion to amend, the Court finds that the Respondent's responsive briefing was arguably not timely filed, but will be considered by the Court.

Judge Boyle recommended reducing the amount of the requested sanctions to one hour's time for Petitioner's attorney. This reduction in the requested sanction is reasonable and such reduction is acknowledged as a appropriate sanction as noted by Petitioner in her response to the Respondent's objection. The Court agrees with Respondent that a simple phone call could have saved both the attorneys and the Court a significant amount of time and this course of informal resolution is recommended in the future.

### Order

Because the Court finds the Report and Recommendation of Judge Boyle to be well founded in law, the Court hereby accepts in their entirety, and adopts as its own, the findings made by Judge Boyle. Acting on the recommendation of Judge Boyle, and this Court being fully advised in the premises,

**IT IS HEREBY ORDERED** that:

1. Respondent's Motion to File an Amended Responsive Memorandum(Docket No. 16) is GRANTED;

2. The Commissioner's determination that Petitioner has not established "changed circumstances" indicating greater disability since the time of the prior decision be upheld and, therefore, Petitioner's Motion for Summary Judgment (Docket No. 11) be DENIED; and

3. Petitioner's Motion for Sanctions of Untimely Filing of Respondent's Reply (Docket No. 17) is GRANTED and the Respondent shall reimburse Petitioner's counsel $163.37.

DATED: **August 27, 2008**

Honorable Edward J. Lodge
U. S. District Judge